**Raquel SAN MIGUEL, Appellant,**

v.

**Suzette BELLOWS, Bellows Law Firm, P.L.L.C., and Roger D. Bellows, Appellees.**

**In re Raquel San Miguel.**

**Nos. 13–00–508–CV, 13–00–538–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 22, 2000.

Rehearing Overruled Feb. 1, 2001.

---

Ana Estevez, Robert E. Garner, Garner & Stein, Amarillo, for appellant.

Dwayne L. McWilliams, Schneider & McWilliams, George West, John H. Bennett Jr., Bennett & Hoffman, P.C., Houston, Deborah A. Bauer, Refugio, for appellee.

Before: Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

CHAVEZ, Justice

Raquel San Miguel appeals issuance of a temporary injunction by the 343rd District Court of Live Oak County at the request of appellees that enjoins her and her agents from attempting, in a Harris County district court, to appoint a receiver, to seek a turnover order, to levy or in any manner encumber their property. Contemporaneously with the filing of this appeal, San Miguel also filed a petition for mandamus requesting this court to vacate the Live Oak County district court's order denying her motion to abate or dismiss the suit in Live Oak County and to assess attorney fees and costs. San Miguel argues that the Live Oak County court does not have jurisdiction to hear this case because the Harris County district court has dominant jurisdiction over the same parties and subject matter. We agree.

In September 1999, San Miguel recovered a judgment in a Harris County district court against Roger D. Bellows, individually and d/b/a R.D. Bellows Law Office in excess of $513,000 for fraud, DTPA violations, and breach of fiduciary duty during his representation of her in a suit regarding the death of her son.[1] Bellows gave his notice of appeal in that case but did not post a supersedeas bond. After the judgment became final, San Miguel began post-judgment discovery and discovered that Roger Bellows, with monies from his settlement fee, had purchased an expensive new homestead, a Lexus automobile for his wife, two annuities, paid back taxes to the IRS, had reorganized his law office into a P.L.L.C., and had mortgaged his other real property assets.

On April 17, 2000, after the judgment had become final, San Miguel filed her Application for Ancillary Relief in the Harris County district court seeking a turnover order and joined Roger Bellows's wife, Suzette Bellows, and the Bellows Law Firm, P.L.L.C. to those proceedings. Although unsuccessful in obtaining service on Suzette and the P.L.L.C., San Miguel did give notice to Roger Bellows by forwarding a copy of the Application to his counsel. In May, the Harris County court

---

1. This suit was settled, and Bellows received a substantial fee.

scheduled the Application for Ancillary Relief for a hearing on July 7, 2000. On June 26, 2000, Suzette and the P.L.L.C. obtained from the 343rd District Court in Live Oak County an ex-parte temporary restraining order which restrained San Miguel from proceeding with her collection efforts in Harris County. Roger Bellows intervened in the Live Oak County case three days later. In addition to their application for a temporary restraining order, appellees also filed an application for temporary injunction and a petition for declaratory judgment. San Miguel was not served and was unaware of these proceedings until shortly before the July 7th scheduled hearing in Harris County.

At the July 7th hearing in Harris County, Suzette Bellows and Bellows Law Firm, P.L.L.C. filed "Special Appearances to Contest Jurisdiction" that were overruled by the court.[2] The Harris County court found all parties' special appearances improper. *See* Tex.R.Civ.P. 120a. By voluntarily filing their special appearances, which were subsequently denied, Suzette and the P.L.L.C. submitted themselves to the jurisdiction of the Harris County court in the proceedings then pending before it. *See Dechon v. Dechon,* 909 S.W.2d 950, 953 (Tex.App.—El Paso 1995, no pet.) (party subject to judgment of trial court after special appearance denied). San Miguel, however, declined to go forward because of the restraining order issued out of Live Oak County and the case was continued.

In Live Oak County San Miguel filed a "Plea in Abatement, Motion to Dismiss, Motion to Assess Attorney's Fees and Expenses" prior to the hearing on the temporary injunction. San Miguel's motions were grounded on the contention that the Harris County district court had acquired dominant jurisdiction over the same parties and prayed that the Live Oak County proceedings be either dismissed or abated. After the hearing concluded, the trial court denied San Miguel's motions that are now

made the subject of the mandamus action, and granted appellees the temporary injunction being appealed.

▄▄▄ The long-standing common law rule in Texas is that the first court to acquire jurisdiction over the subject matter and the parties of a controversy has dominant jurisdiction over all other courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1070 (1926); *see also Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 586 (Tex.1993); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *In re McCall,* 967 S.W.2d 934, 936 (Tex.App.—Corpus Christi 1998, orig. proceeding). This rule is grounded on the principles of comity, convenience and the orderly procedure in resolving jurisdictional disputes. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988). Where jurisdiction of a district court has attached, it has the power to permit pleadings to be amended, new parties to be made, to determine all essential questions, and to do anything with reference thereto authorized by law. *Cleveland,* 285 S.W. at 1069.

▄▄▄ Appellees argue that the Harris County district court has not acquired dominant jurisdiction over all of the parties and the subject matter. In support of this argument, appellees contend that San Miguel asserted new causes of action in her petition for ancillary relief and added new parties to the original lawsuit. Suzette Bellows and Bellows Law Firm P.L.L.C., appellees point out, were not parties to that underlying lawsuit. Bellows also argues that a newly discovered indemnity agreement prevents San Miguel from collecting on the judgment. Our disposition of this appeal, however, does not prevent appellees from raising these defenses in the Harris County district court.

▄▄▄ It is undisputed that Roger D. Bellows, individually, and d/b/a R .D. Bellows Law Office is the judgment debtor in Harris County and is properly before that

---

2. In addition to the special appearance, the motion also included a motion to transfer, a plea in abatement and plea in bar which have not been ruled on by the Harris County court.

court; it is also undisputed that Suzette Bellows is R.D. Bellows's wife, and that Bellows Law Firm P.L.L.C. is the successor to Bellows Law Office. It is also clear from the record that the ancillary proceedings were filed in Harris County prior to the appellees' petition being filed in Live Oak County. Suzette and the P.L.L.C. voluntarily filed their special appearances in Harris County. When the special appearances were overruled, that court acquired jurisdiction over them, subject to their remaining motions. *See X.L. Ins. Co. v. Hartford Accident & Indem. Co.*, 918 S.W.2d 687, 688 (Tex.App.—Beaumont 1996, pet. dism. w.o.j.); *see also Autin v. Daniel Bruce Marine Inc.*, 862 S.W.2d 208, 209 (Tex.App.—Houston 1993, no pet.). Whether Suzette, the P.L.L.C., and any new causes of action that may have been pled by San Miguel remain in Harris County are matters that the Harris County district court should determine when it rules on the pending motions. Should appellees disagree with that court's rulings, their remedy is by appeal to the appropriate appellate court, not to a district court in another county of equal rank. *Wyatt*, 760 S.W.2d at 248.

We hold that the Live Oak County district court abused its discretion when it issued the temporary injunction that enjoined San Miguel from pursuing her collection efforts in the Harris County district court. We therefore order the temporary injunction vacated and the Live Oak County lawsuit dismissed.

Our disposition of the interlocutory appeal makes San Miguel's application for writ of mandamus moot. It is therefore dismissed.