

**NUMBER 13-06-608-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOE WILLIAMSON CONSTRUCTION COMPANY,**         **Appellant,**

**v.**

**RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT,**         **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

**O P I N I O N**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez**

This is an accelerated appeal from the issuance of a temporary injunction. *See* TEX. R. APP. P. 28.1. Pursuant to two construction contracts, appellant, Joe Williamson Construction Company (JWCC), acted as the general contractor on the construction of three schools in Willacy County for appellee, Raymondville Independent School District (RISD). The January 13, 1999 contract involved a project described as "renovations and

additions to the Raymondville High School"; the October 17, 1999 contract involved a project described as "Pittman & L.C. Smith Elementary Schools." RISD subsequently filed two lawsuits, one in Willacy County and one in Hidalgo County, against JWCC, among others—lawsuits involving construction issues related to the contracts and schools. During the course of the proceedings, the 139th District Court of Hidalgo County granted a temporary injunction enjoining JWCC from complying with an order of arbitration that had been issued earlier by the 107th District Court of Willacy County. JWCC appeals the granting of the temporary injunction.

By three issues, JWCC contends that the 139th District Court of Hidalgo County, Texas, abused its discretion when it issued a temporary injunction because the 107th District Court of Willacy County, Texas, has dominant jurisdiction, and alternately, that RISD failed to prove that it would suffer an imminent and irreparable injury if the injunction did not issue and that it had no adequate remedy at law. We vacate the temporary injunction and dismiss the Hidalgo County lawsuit. *See* Tex. R. App. P. 43.2(e).

## I. Background

On April 28, 2005, RISD filed its original petition in Willacy County alleging that the suit arose "from the acquisition, design, and construction of Raymondville High School, and two elementary schools."[1] JWCC filed an application for arbitration, and on August 15, 2005, the 107th District Court of Willacy County granted the application and ordered the parties to arbitrate "[a]ll disputes between . . . [RISD] and [JWCC] arising out of and related

---

[1]Other defendants in the Willacy County lawsuit include Villars Consulting Engineers, LTD., Lopez Engineering Group, Inc., and Lopez & Lopez Architects, Inc. They are not parties to this appeal.

2

to the two construction contracts." The 107th District Court of Willacy County also abated the proceedings pending the outcome of the arbitration.

On April 5, 2006, approximately eight months after arbitration was ordered, RISD filed a notice of non-suit in Willacy County. No order granting the non-suit appears in the record, and on April 27, 2006, the 107th District Court of Willacy County signed an order setting aside the non-suit and reinstating the case. The order was filed on May 4, 2006.[2]

Notwithstanding the Willacy County lawsuit, RISD filed a second suit in Hidalgo County.[3] RISD's first amended petition, filed on April 19, 2006, provided that the Hidalgo County suit arose "from the acquisition, design and construction of a new school and gymnasium from Raymondville I.S.D."[4] On June 22, 2006, the American Arbitration Association sent a letter to the parties in the Willacy County lawsuit regarding arbitration procedures and rules. That same day, RISD filed an application for an emergency temporary restraining order requesting that the 139th District Court of Hidalgo County enjoin JWCC from including in its arbitration application in Willacy County the projects involved in the Hidalgo County litigation. On June 23, 2006, the 139th District Court of Hidalgo County granted RISD's application. RISD filed its Hidalgo County second amended original petition on June 30, 2006, alleging that the suit arose "from the

---

[2]We have taken judicial notice of our files from the related mandamus proceeding. *See In re: Joe Williamson Construction Company*, No. 13-06-440-CV, 2006 Tex. App. LEXIS 8321 (Tex. App.–Corpus Christi Sept. 18, 2006, pet. denied) (mem. op.). That file contains a copy of RISD's April 5, 2006 notice of non-suit and the court's reinstatement order which the 107th District Court of Willacy County signed within its plenary power on April 27, 2006, and filed of record on May 4, 2006. We note this because a chronology provided by JWCC in its brief recites that the case was reinstated on May 24, 2006.

[3]RISD filed suit in Hidalgo County against Magic Valley Roofing and Limon Masonry, Inc., in Hidalgo County. These defendants, however, are not parties to this appeal.

[4]We note that RISD's original petition filed in Hidalgo County does not appear in the record.

3

construction of Raymondville High School and High School Athletic Center for Raymondville I.S.D. . . ." RISD's motion to convert the Hidalgo County temporary restraining order to a temporary injunction and JWCC's motion to dissolve the temporary restraining order were heard on July 6, 2006.

At the July 6 hearing, the 139th District Court of Hidalgo County admitted copies of the following petitions into evidence: (1) RISD's original petition filed in Willacy County on April 28, 2005, describing the suit as arising "from the acquisition, design, and construction of Raymondville High School, and two elementary schools"; (2) RISD's April 19, 2006 first amended petition filed in Hidalgo County stating that suit as arising "from the acquisition, design and construction of a new school and gymnasium from Raymondville I.S.D"; and, (3) RISD's undated and unsigned third amended petition in the Willacy County action setting out that the "suit arises from the acquisition, design and construction of Pitman Elementary and L.C. Smith Elementary [Schools]."[5] Other documents admitted as exhibits at the hearing included the following: (1) JWCC's Willacy County application to compel arbitration and motion to abate the proceedings pending arbitration filed June 10, 2005, with contracts between RISD and JWCC attached;[6] (2) the 107th District Court of Willacy County's August 15, 2005 order granting JWCC's arbitration application and abatement

---

[5]At the hearing, an unsigned copy of the Willacy County third amended petition was admitted as plaintiff's Exhibit 1. RISD's second amended petition filed in Hidalgo County, describing the suit as one arising "from the construction of Raymondville High School and High School Athletic Center for Raymondville I.S.D," was also offered at the hearing. It is unclear from the record whether this petition was admitted at the hearing, although an unfile-stamped copy is attached to the reporter's record as plaintiff's Exhibit 2. The 139th District Court of Hidalgo County did indicate that it took judicial notice of all documents on file, and the appellate record contains a copy of the second amended petition, file stamped June 30, 2006. Therefore, we conclude the second amended original petition was before the court at the hearing.

[6]The application filed two weeks later referenced JWCC's April 28, 2005 Willacy County petition that alleged JWCC improperly constructed the Raymondville High School as well as two elementary schools.

4

motion; (3) RISD's Hidalgo County application for an emergency temporary restraining order and a temporary and a permanent injunction dated June 22, 2006; (4) letters dated June 22, 2006, and June 30, 2006, from the American Arbitration Association addressed to counsel for RISD and counsel for JWCC regarding the arbitration procedure; and (5) an online filing demand for arbitration form acknowledging receipt of demand/submission for arbitration on June 15, 2006. The trial court also took judicial notice of all documents on file.

At the hearing, JWCC called Sam Loya, president of RISD, as a witness. On direct examination, Loya testified, in relevant part, as follows:

> The January 18, 1999 contract between RISD and JWCC identified the project as "renovating and additions to the Raymondville High School, One Bearkat Boulevard, Raymondville, Texas";
>
> The October 27, 1999 contract between RISD and JWCC involved the "construction of Pittman and L.C. Smith elementary schools";
>
> The [April 28, 2005] original petition filed in Willacy County set out that "[t]his suit arises from acquisition, design, and construction of Raymondville High School and two elementary schools [Pittman and L.C. Smith]";
>
> The August 15, 2005 order of the Willacy County District Court ordered RISD and JWCC to go to arbitration on the two contracts; and,
>
> The lawsuit in Hidalgo County between RISD and JWCC and others provided, in the [April 19, 2006] first amended original petition that "[t]his suit arises from the acquisition, design and construction of a new school and gymnasium for the Raymondville ISD."

Loya agreed that, from what he read in the petitions, the suits in the two counties covered the same thing.

On cross-examination by RISD's counsel, Loya testified, in relevant part, to the following:

5

The Willacy County third amended petition provided that "[t]his suit arises from the acquisition, design and construction of Pittman Elementary and L.C. Smith Elementary";

He agreed that the language of the Hidalgo County first amended original petition—"[t]his suit arises from the acquisition, design and construction of the new school and gymnasium for the Raymondville ISD"—was not clear as to what school (the high school, L.C. Smith or Pittman) RISD was talking about; and,

The Hidalgo County second amended original petition [filed on June 30, 2006,] provides that "[t]his suit arises from the construction of Raymondville High School and high school athletic center for Raymondville ISD," and there is no mention of the elementary school.

RISD called Eloy Castaneda, superintendent for the Raymondville schools, as a rebuttal witness. Castaneda testified as follows:

He was aware that a lawsuit was filed in Hidalgo County involving a high school and the athletic complex at Raymondville and that an application for arbitration had been filed asking to arbitrate the claims the district is making for the high school and the athletic complex;

He was familiar with the problems the district was having with the high school and the athletic complex with regard to construction, including (1) water running into the gymnasium, (2) floors warping, (2) water accumulating—three or four inches—between the high school and the gymnasium, (3) floors in the main building cracking and separating–separating one wing from the other, (4) the roof leaking in the cafeteria where they are constantly replacing ceiling tiles, (5) unbearable smells from the drains in the cafeteria, and (7) water coming in through the library walls damaging some of the books;

He did not feel that a five-year-old building should have these problems; and,

To his knowledge, the only two projects that JWCC has done for [RISD] are the Raymondville High School, the January 1999 contract, and the Pittman and Smith Elementary School, the October 1999 contract.

On July 17, 2006, the 139th District Court of Hidalgo County issued an order enjoining JWCC from seeking arbitration on the legal or factual issues raised in the Hidalgo County lawsuit, including alleged construction defects, liability, and damages. This

6

interlocutory appeal from the temporary injunction ensued.[7]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2007).

## II.  Dominant Jurisdiction

By its first issue, JWCC contends that the 139th District Court of Hidalgo County abused its discretion when it issued a temporary injunction enjoining JWCC from complying with an order of arbitration issued by the 107th District Court of Willacy County, the court that has dominant jurisdiction over this matter.  In response, RISD asserts that the temporary injunction does not interfere with the arbitration order because both suits involve separate and distinct claims and dominant jurisdiction lies in Hidalgo County where the court ruled on jurisdiction and resolved the issue in favor of RISD.[8]

### A.  Standard of Review

> Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order.  On appeal, the appellate court is not to substitute its judgment for that of the trial court, but must determine whether the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion.

---

[7]This Court previously considered the petition for writ of mandamus filed by Joe Williamson Construction Company concerning this issue.  *See In re Williamson Construction*, 2006 Tex. App. LEXIS 8321, at *1.  We denied the petition concluding that relator has not shown itself entitled to the relief sought. *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2007) (providing that an appeal can be taken from an interlocutory order of a district court that grants a temporary injunction)).

[8]Alternately, RISD argues that JWCC exhibited an intent not to prosecute arbitration in the Willacy County suit by failing to pursue arbitration for over ten months after the order compelling arbitration was signed.  *See Wyatt v. Shaw Plumbing*, 760 S.W.2d 245, 248 (Tex. 1988) (providing exceptions to the rule requiring mandatory abatement by the second court in a plea in abatement challenge).  Without more, *see* TEX. R. APP. P. 38.1(h), and because we determine below that dominant jurisdiction lies in Willacy County on another basis, we are not persuaded by this argument.

RISD also argues that because the abatement order in the Willacy County court has no time limit or term for abatement, it violates the open courts provision of the Texas Constitution.  *See Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex. App.–Corpus Christi 1990, orig. proceeding) (concluding that abating a case indefinitely has been found to violate the open courts provisions).  This, however, is a challenge to the 107th District Court's arbitration order and is not properly before this Court in this proceeding.

*Haq v. America's Favorite Chicken Co.*, 921 S.W.2d 728, 730-31 (Tex. App.–Corpus Christi 1996, writ dism'd w.o.j.) (citations omitted). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it issues an injunction that interferes with the orders of the court of dominant jurisdiction. *See San Miguel v. Bellows*, 35 S.W.3d 702, 705 (Tex. App.–Corpus Christi 2000, pet. denied).

### B. Applicable Law

"The long-standing common law rule in Texas is that the first court to acquire jurisdiction over the subject matter and the parties of a controversy has dominant jurisdiction over all other courts." *Id.* at 704 (citing *Cleveland v. Ward*, 285 S.W. 1063, 1070 (Tex. 1926)); *see Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1997). "Where jurisdiction of a district court has attached, it has the power to permit pleadings to be amended, new parties to be made, to determine all essential questions, and to do anything with reference thereto authorized by law." *San Miguel*, 35 S.W.3d at 704 (citing *Cleveland*, 286 S.W. at 1069). Dominant jurisdiction excludes other courts from exercising jurisdiction over the same case. *Curtis*, 511 S.W.2d at 267; *San Miguel*, 35 S.W.3d at 704.

A non-suit is effective as soon as the plaintiff files a motion for non-suit. *See Greensberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). However, while the plaintiff has an absolute and unqualified right to file a non-suit, it can only do so as long as the defendant has not made a claim for affirmative relief. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990); *Quanto Int'l Co., Inc. v. Lloyd*, 897 S.W.2d 482, 487 (Tex. App.–Houston [1st Dist.] 1995, orig. proceeding) (holding that Quanto's non-suit

8

could not prejudice the defendants' right to be heard on their pending claim for affirmative relief (the request for arbitration)). Thus, a non-suit does not affect affirmative relief such as a request for arbitration or, in this case, court-ordered arbitration. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 483 (Tex. App.–Houston [1st Dist.] 2007, no pet.). That affirmative relief remains pending after a non-suit by the opposing party is filed. *See Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.–Amarillo 2005, pet. denied) (holding that pleading requesting attorney's fees constituted a claim for affirmative relief that remained pending after opposing party's non-suit); *see also* TEX. R. CIV. P. 162 ("A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court."); *Lentino v. Frost Nat'l Bank*, 159 S.W.3d 651, 654 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (providing "where another party has a claim pending for affirmative relief, a non-suit does not bring about a dismissal of the entire case").

## C. Analysis

The record reveals that in April 2005, RISD filed a lawsuit in Willacy County, alleging that the suit arose "from the acquisition, design, and construction of Raymondville High School, and two elementary schools." This was the live pleading when JWCC's application for arbitration was granted on August 15, 2005. The 107th District Court of Willacy County ordered arbitration of all disputes between RISD and JWCC arising out of and related to the two construction contracts—one pertaining to renovations and additions to the Raymondville High School, the second pertaining to the two elementary schools. Although RISD filed a notice of non-suit, the 107th District Court of Willacy County reinstated RISD's

9

lawsuit, never losing power over the suit, and the affirmative claims of arbitration survived. *See BHP Petroleum*, 800 S.W.2d at 840; *Quanto Int'l*, 897 S.W.2d at 487.

RISD's amended petition filed in Hidalgo County on April 19, 2006, approximately eight months after arbitration was ordered by the 107th District Court of Willacy County, set out that the suit arose "from the acquisition, design and construction of a new school and gymnasium for [RISD]." It is undisputed that this is one of the school projects ordered to arbitration by the 107th District Court of Willacy County.

In addition, Loya testified that the two elementary schools referred to in the Willacy County lawsuit were Pittman and L.C. Smith Elementary Schools. He also testified that, to his understanding of the pleadings, the suit in Hidalgo County involved the same thing covered by the suit in the Willacy County District Court—two construction contracts between JWCC and RISD involving two elementary schools and the Raymondville High School. On cross-examination, Loya admitted it was unclear from RISD's pleadings as to which of the three schools, Raymondville High School, L.C. Smith, or Pittman Elementary, were involved. Additionally, Castaneda testified that the only two projects, to his knowledge, that JWCC had done for RISD were covered by the Raymondville High School and Pittman and Smith Elementary Schools contracts.

Based on the above, we conclude that the 107th District Court of Willacy County was the first court to acquire jurisdiction over the subject matter and the parties of the controversy and that it maintained such jurisdiction. *See San Miguel*, 35 S.W.3d at 704; *Curtis*, 511 S.W.2d at 267. The 107th District Court of Willacy County, where jurisdiction attached, had the power to determine all essential questions and to do anything with reference thereto authorized by law. *See San Miguel*, 35 S.W.3d at 704. The 107th

10

District Court of Willacy County had dominant jurisdiction which excluded the 139th District Court of Hidalgo County from exercising jurisdiction over the same case. *See Curtis*, 511 S.W.2d at 267; *San Miguel*, 35 S.W.3d at 704.

Nonetheless, the Hidalgo County District Court issued an injunction preventing the parties from complying with the arbitration order issued by 107th District Court of Willacy County. The 139th District Court of Hidalgo County interfered with a prior action in a court with dominant jurisdiction. *See Curtis*, 511 S.W.2d at 267; *San Miguel*, 35 S.W.3d at 704.

*San Miguel* is precedent for this Court. In that case, we held that the district court in Live Oak County abused its discretion when it enjoined a party from complying with the rulings of the court with dominant jurisdiction. 35 S.W.3d at 705. In *San Miguel*, as in the present case, the district court where the lawsuit was first filed had dominant jurisdiction over the matter in controversy and the parties involved. *Id.* at 704-05. In *San Miguel,* as in this case, a party sought injunctive relief from a second district court after suffering an adverse ruling in the district court where the case was first filed. *Id.* at 703-04. The defendant in *San Miguel* lost the trial; here, RISD was ordered to arbitration. *Id.* at 703. In both cases, the losing party obtained an injunction in a second district court in another county, seeking to avoid the application of the adverse ruling issued by the court of dominant jurisdiction. *Id*. at 704. In *San Miguel*, the defendants could have appealed the jurisdiction and ruling of the Harris County District Court to the Houston courts of appeals. *Id.* at 705. In the case now before this Court, the arbitration ruling could have been challenged by RISD by seeking relief from this Court. In *San Miguel*, this Court recognized

11

that the second court abused its discretion when it enjoined a party from complying with the rulings of the court of dominant jurisdiction. *Id*.

RISD attempts to distinguish *San Miguel* by highlighting the fact that San Miguel was complaining, by way of mandamus, of the trial court's ruling denying a plea in abatement and, by way of appeal, of the trial court's grant of a temporary injunction. *Id.* at 704. RISD appears to suggest that by filing a plea in abatement San Miguel preserved her arguments regarding dominant jurisdiction, while in the present case JWCC did not file a plea in abatement and, thus, failed to preserve its argument regarding dominant jurisdiction. We disagree.

Preservation was not addressed in *San Miguel*. In fact, our analysis in the *San Miguel* appeal was not based on the trial court's denial of the pleas and motions that formed the basis of the mandamus proceeding.[9] *See id*. Rather, our analysis of the appeal focused on the trial court's granting of the temporary injunction and how its actions impacted the jurisdiction of another district court that had dominant jurisdiction in that case. *Id.* at 704-05. Our analysis in the present case again focuses on the granting of a temporary injunction.

Additionally, RISD contends that the question of dominant jurisdiction has not been preserved because JWCC did not seek an order of abatement in the 139th District Court of Hidalgo County. The cases relied on by RISD for this proposition, however, do not involve reviews of temporary injunctions. *See Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex. 1991) (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247-48 (Tex. 1988); *Curtis*,

---

[9]In *San Miguel v. Bellows*, we concluded that "[o]ur disposition of the interlocutory appeal makes San Miguel's application for writ of mandamus moot." 35 S.W.3d 702, 705 (Tex. App.–Corpus Christi 2000, pet. denied).

12

511 S.W.2d at 267; *Estate of Maxey*, 559 S.W.2d 458, 460-61 (Tex. Civ. App.–Texarkana 1977, writ ref'd n.r.e.)).  And, as discussed above, the present case involves JWCC's challenge to the issuance of a temporary injunction by the 139th District Court of Hidalgo County, and so our review is to determine whether the trial court abused its discretion in granting the injunction.  Whether or not a dilatory plea in abatement was filed is not determinative in this case.  *See Curtis*, 511 S.W.2d at 267 ("If the second court refuses to sustain a plea in abatement, *or attempts to interfere with the prior action*, this court has the power to act by mandamus or other appropriate writ to settle the conflict in jurisdiction.") (emphasis added)).

Not being persuaded by RISD's attempt to distinguish *San Miguel* from this case or its preservation argument, we conclude that the 139th District Court of Hidalgo County abused its discretion when it exercised jurisdiction over the case by issuing the temporary injunction.  We sustain JWCC's first issue.

Furthermore, having sustained JWCC's first issue, we need not consider the remaining issues because they are not "necessary to the final disposition of the appeal." *See* TEX. R. APP. P. 47.1.

III.  Conclusion

Accordingly, we order the temporary injunction vacated and the Hidalgo County lawsuit dismissed.

NELDA V. RODRIGUEZ
Justice

Opinion delivered and filed this
13th day of March, 2008.

13