

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-07-00299-CV

**HOUSTON PIPE LINE COMPANY, L.P. D/B/A
HOUSTON PIPE LINE COMPANY, ENERGY
TRANSFER EQUITY, L.P., ENERGY TRANSFER
PARTNERS, L.P., AND LA GRANGE ACQUISITION,
L.P. D/B/A ENERGY TRANSFER COMPANY,**                    Appellants,

**v.**

**O'CONNOR & HEWITT, Ltd.,**                    Appellee.

### On Appeal from the 377th District Court
### of Victoria County, Texas.

## NUMBER 13-07-00362-CV

## IN RE: HOUSTON PIPE LINE COMPANY, L.P. D/B/A HOUSTON PIPE
## LINE COMPANY, ENERGY TRANSFER EQUITY, L.P., ENERGY
## TRANSFER PARTNERS, L.P., AND LA GRANGE ACQUISITION, L.P.
## D/B/A ENERGY TRANSFER COMPANY

### On Petition for Writ of Mandamus

# OPINION

## Before Chief Justice Valdez and Justices Garza and Vela
## Opinion by Chief Justice Valdez

Appellee and real party in interest, O'Connor & Hewitt, Ltd., ("O'Connor") brought a lawsuit against appellants and relators, Houston Pipe Line Company L.P., Energy Transfer Equity, L.P., Energy Transfer Partners, L.P., and La Grange Acquisition, L.P. (collectively "Houston Pipe Line"), contending that they manipulated the Platts Index for the Houston Ship Channel Hub downward, thus reducing the price paid to O'Connor for gas it sold to these entities under a Gas Purchase Agreement.[1]  Through this consolidated interlocutory appeal and petition for writ of mandamus, the defendants ask this Court to set aside orders of the trial court granting pre-arbitration discovery and injunctive relief and declining to summarily rule on Houston Pipe Line's motion to compel arbitration "until there is sufficient discovery and evidence developed to properly apply the scope of the arbitration clause to the facts."  We affirm the orders of the trial court and deny the petition for writ of mandamus for the reasons stated herein.

## I.  Background

Houston Pipe Line Company, L.P. d/b/a Houston Pipe Line Company, as buyer, entered a Gas Purchase Agreement, effective January 1, 1998, with O'Connor and others, as sellers, for the sale and purchase of natural gas.  The Agreement contains an arbitration provision, which reads in part, as follows:

> Disputes to be Arbitrated.  Except for matters within the jurisdiction of the Railroad Commission of Texas, any and all claims, demands, causes of action, disputes, controversies, and other matters in question arising out of

---

[1] The Gas Purchase Agreement is between O'Connor and Houston Pipe Line Company.  In 2005, the other appellants/relators acquired Houston Pipe Line Company.

or relating to this Agreement, any of its provisions, or the relationship between the Parties created by this Agreement, whether sounding in contract, tort, or otherwise, whether provided by statute or the common law, for damages or any other relief, including, without limitation, all Claims (all of which are referred to herein as "Disputes"), shall be resolved by binding arbitration pursuant to the Federal Arbitration Act. The arbitration may be initiated by either Party by providing to the other a written notice of arbitration specifying the Disputes to be arbitrated. If a Party refuses to honor its obligations to arbitrate, the other Party may seek to compel arbitration in either federal or state court.

The Agreement gave Houston Pipe Line one hundred percent of the sellers' "Daily Deliverability of Gas." Relators, Energy Transfer Equity, L.P., Energy Transfer Partners, L.P., and La Grange Acquisition, L.P. d/b/a Energy Transfer Company, are not signatories to the agreement. Under the agreement, O'Connor is to be paid for natural gas sold to Houston Pipe Line based on an index price published for the Houston Ship Channel Index. This index is prepared by Platts, a division of the McGraw-Hill Companies, Inc., in its trade journal publication, *Inside FERC*. The price for the purchase is based on the index price for the Houston Ship Channel/Beaumont Texas, otherwise known as the Houston Ship Channel hub, which is the "first of the month" index price, published monthly in *Inside FERC*.[2]

On March 6, 2007, O'Connor filed suit against Houston Pipe Line through its "Original Petition; Application for Pre-Arbitration Discovery; and Application for Temporary Restraining Order and Temporary Injunction." O'Connor alleged that the defendants manipulated the Platts Index for the Houston Ship Channel Hub downward during all, or part, of the period between August 2004 and December 2006, thus reducing the price paid to O'Connor for gas it sold under the Agreement. O'Connor's allegations are based on

---

[2] *Inside FERC* is a weekly publication of the McGraw-Hill Companies, Inc.. The publication covers the natural gas, gas pipeline, hydropower, and electric utility industries and the Federal Energy Regulatory Commission's regulation of the same.

articles published in the trade publication *Gas Daily* questioning the timing and pricing of sales through the Houston Ship Channel hub and suggesting an intent to manipulate posted prices. Although O'Connor's petition identifies various causes of action, including fraud, unjust enrichment, and breach of the duty of good faith and fair dealing, the petition seeks solely injunctive relief and pre-arbitration discovery.

O'Connor propounded requests for production of documents to each of the four defendants. Houston Pipe Line moved to compel arbitration and to stay proceedings on March 22. The trial court held a hearing on April 2, and on April 30, the trial court entered a temporary injunction and order setting a hearing on arbitrability and a date for trial on the merits. The trial court's order reads, in part, as follows:

> After considering all the evidence received and the argument of counsel, the Court finds that Plaintiff will probably prevail on the trial of this cause if the Platts article proves to be true and that there is sufficient evidence showing that harm is imminent to Plaintiff. The Court has considered the sixty-day time frame to complete the arbitration contained in the Gas Purchase Agreement's Arbitration clause and finds that it will be virtually impossible to complete the necessary discovery within that time frame. The Court has determined that Plaintiff lacks sufficient information regarding the truth of the acts described in the Platts article and that discovery is needed so that the scope of the Arbitration clause in the Gas Purchase Agreement may be properly applied to the actual party responsible, if any. The Court finds that Plaintiff has shown a probable right to the pre-Arbitration relief it seeks under Texas Civil Practice and Remedies Code, Sections 171.084 and 171.086 and that the Court, in its discretion, may grant such relief. The Court has determined that, if it does not issue the Temporary Injunction, Plaintiff will be irreparably injured because if Defendants intentionally or for any other reason destroy, modify, or alter the documents requested by Plaintiff, those acts could prevent Plaintiff from learning the full nature and extent of the Defendants' manipulation of the Houston Ship Channel Index and Plaintiff's resulting damages. Plaintiff has no adequate remedy at law because its injury from the loss of the documents would be irreparable and its damages would be incalculable. Moreover, the documents sought by Plaintiff from Defendants:
>
> (1)    Would be needed before any Arbitration proceedings begin;
>
> (2)    Will permit any Arbitration to be conducted in an orderly manner;

(3)     Will facilitate any Arbitration under Section 171.086 of the Texas Civil Practice and Remedies Code; and

(4)     Will aid in determining the issues of arbitrability.

Additionally, the Court has determined that, if it does not issue the Temporary Injunction, Plaintiff will be irreparably injured because if Defendants carry out their intention to proceed with Arbitration in another forum, such actions will thereby alter the status quo and tend to cloud or make ineffectual a judgment in favor of Plaintiff and/or destroy the jurisdiction of this Court in contravention of Sections 171.082 and 171.084 of the Texas Civil Practice and Remedies Code. Furthermore, unless Defendants are enjoined from proceeding with Arbitration in another forum Plaintiff will be without any adequate remedy at law because Plaintiff would be deprived of the opportunity for an orderly hearing on the various arbitrability issues that the Court must summarily determine on the merits. The issues of arbitrability that the Court must summarily determine, as soon as the requisite facts are developed by discovery, include:

(1)     Whether Plaintiff's claims, once determined, are within the scope of the Arbitration clause in question;

(2)     Which Defendants, if any, can equitably invoke the Arbitration clause, subject to any equitable defenses Plaintiff might have under the facts of this case;

(3)     Whether section 8.7 of the Gas Purchase Agreement precludes Defendants from invoking the Arbitration clause;[3]

(4)     Whether the Arbitration clause's sixty day pre-hearing limitation and its ten day final hearing limitation are jurisdictional; and

(5)     If those limitations are jurisdictional, whether Plaintiff's claims, once determined, are outside of the scope of the Arbitration clause.

The Court will continue the hearing on Defendant's Motion to Compel Arbitration until there is sufficient discovery and evidence developed to properly apply the scope of the arbitration clause to the facts.

It is accordingly:

ORDERED that Defendants . . . are hereby restrained and enjoined

---

[3] Article 8, section 7 of the Gas Purchase Agreement provides in part that: "The provisions of this Agreement shall not impart rights enforceable by any person, firm or organization not a Party or bound as a Party, or not a permitted successor or assignee of a Party bound to this Agreement."

from:

1. Taking any action or instituting any arbitration or legal proceeding, except in either this Court or federal court, seeking to arbitrate or litigate any issue which is the subject matter of this lawsuit pending further Orders of this Court on the issues of arbitrability; and

2. Destroying, modifying or altering any of the documents requested in Plaintiff's First Request for Production of Documents attached hereto and incorporated herein as Exhibits 1, 2, 3, and 4 until a final judgment in this cause resolves Plaintiff's claims against Defendants.

The trial court's order further set a hearing "on the issues of arbitrability" for November 27, 2007.

## II. Interlocutory Appeal and Mandamus

An order granting a temporary injunction is subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2007). Likewise, an order denying arbitration under the Texas General Arbitration Act may be challenged by interlocutory appeal, but an order denying arbitration under the Federal Arbitration Act must be contested by mandamus. *See* 9 U.S.C. §§ 1-16 (1999) (the "Federal Act"); TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001 -.098 (Vernon 1997 and Supp. 2007) (the "Texas Act"); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Further, a trial court's refusal to rule on a motion to compel arbitration until after the completion of discovery is subject to a writ of mandamus. *See In re Champion Techs., Inc.*, 173 S.W.3d 595, 598-99 (Tex. App.–Eastland 2005, orig. proceeding); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 920-21 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding).

## III. Interlocutory Appeal

In the interlocutory appeal, Houston Pipe Line raises two issues: (1) the trial court erred in granting temporary injunctive relief enjoining appellants from initiating arbitration

6

and from destroying, modifying, and altering any and all documents responsive to appellee's document requests; and (2) the trial court erred in declining to rule on appellant's motion to compel arbitration until after discovery and declining to stay the trial court proceedings.

To be entitled to a temporary injunction, the applicant must plead a cause of action and show a probable right to recover on that cause of action and a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2004); *City of McAllen v. McAllen Police Officers Union*, 221 S.W.3d 885, 893 (Tex. App.–Corpus Christi 2007, pet. denied). The party seeking the injunction bears the burden of proving each of these elements. *City of McAllen*, 221 S.W.3d at 893. A probable right of recovery is shown by alleging a cause of action and presenting evidence tending to sustain it. *Argyle ISD v. Wolf*, 234 S.W.3d 229, 236 (Tex. App.–Fort Worth 2007, no pet.); *Fox v. Tropical Warehouses, Inc.*, 121 S.W.3d 853, 857 (Tex. App.–Fort Worth 2003, no pet.). An injury is irreparable if damages would not adequately compensate the injured party or if they cannot be measured by any certain pecuniary standard. *Fox*, 121 S.W.3d at 857; *see Butnaru*, 84 S.W.3d at 204.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru*, 84 S.W.3d at 204; *City of McAllen*, 221 S.W.3d at 893. The status quo is considered to be the last, actual, peaceable, noncontested status which preceded the pending controversy. *See Fox*, 121 S.W.3d at 857; *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.–Austin 2000, no pet.).

A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. *Butnaru*, 84 S.W.3d at 204; *Wu v. City of San Antonio*, 216 S.W.3d 1, 4 (Tex.

7

App.–San Antonio 2006, no pet.). We review the grant or denial of a temporary injunction for a clear abuse of discretion without addressing the merits of the underlying case. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Joe Williamson Constr. Co. v. Raymondville Indep. Sch. Dist.*, 251 S.W.3d 800, 805 (Tex. App.–Corpus Christi 2008, no pet.). An appellate court will uphold the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204. Accordingly, when reviewing such a decision, we must view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion. *See Fox*, 121 S.W.3d at 857; *Thompson*, 24 S.W.3d at 576. A trial court does not abuse its discretion if it bases its decision on conflicting evidence and evidence in the record reasonably supports the trial court's decision. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Fox*, 121 S.W.3d at 857.

In its first issue, Houston Pipe Line attacks two separate aspects of the injunction. First, it contends that the trial court erred in granting temporary injunctive relief enjoining appellants from initiating arbitration.

To the extent that the trial court's order enjoined Houston Pipe Line from initiating arbitration in another forum, other than federal court, such order is authorized by section 171.024(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.024(a) (Vernon 2005). This section provides that if there is a proceeding pending in a court involving an issue referable to arbitration under an alleged agreement to arbitrate, a party can only make an application for arbitration in the court where the matter is pending. Under the federal preemption doctrine, a party could also institute an arbitration proceeding in federal court if the jurisdictional requirements are met. *See Gen.*

8

*Atomic Co. v. Felter*, 436 U.S. 493, 496 (1978). Moreover, the trial court's order arguably falls within the purview of section 171.086 of the code, which allows the trial court to grant, in its discretion, "other relief . . . needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the Arbitration." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.086 (Vernon 2005). Accordingly, we cannot conclude that the trial court erred in issuing injunctive relief regarding the initiation of arbitration in another forum.

Second, Houston Pipe Line contends the trial court erred in enjoining it from destroying, modifying, and altering any and all documents responsive to appellee's document requests. Three separate sections of the civil practice and remedies code impact our analysis of this issue. First, the trial court may restrain or enjoin: (A) the destruction of all or an essential part of the subject matter of the controversy; or (B) the destruction or alteration of books, records, documents, or other evidence needed for the arbitration. *See id.* § 171.086(a)(3). Second, the trial court may issue, "in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin." *See id.* § 171.086(a)(4). And finally, as noted, the trial court has authority to issue other orders "in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the Arbitration." *See id.* § 171.086(a)(6).

In the order granting the temporary injunction, the trial court stated that it had determined that O'Connor needed discovery so that the scope of the arbitration clause in the Gas Purchase Agreement could be properly applied to the actual party responsible. The evidence from the hearing indicates that the records are essential for the correct application of the arbitration provision, a determination regarding the merits of the case,

9

and the calculation of damages, if any. In this regard, O'Connor's expert, Dr. Michael J. Harris, testified that the documents requested are necessary to determine if Houston Pipe Line sold gas that was priced below market, and the necessary data could not be obtained from any other source. According to Harris, if Houston Pipe Line destroyed the data, O'Connor would have no way of knowing if the price for gas had been manipulated or to what extent the price had been altered. Depending on the format in which the data were to be produced, Harris testified that it might require five to six months, as a "best case" scenario, to analyze the data.

Venable Proctor testified that he would need the records of the pertinent sales to determine whether or not the Platts article was true, insofar as the article indicated that one of the defendants had manipulated the gas market. He testified that, without the documents, the extent of the manipulation could not be determined, nor could damages be determined, and it would cause O'Connor irreparable harm. He had no knowledge regarding the loss or destruction of relevant documents.

William Seerden testified that there was no way that discovery or an arbitration hearing could be completed within sixty days.

This evidence is sufficient to support the trial court's entry of the temporary injunction. It demonstrates the likelihood of a wrongful act, and establishes that if documents were lost or altered, O'Connor would suffer irreparable harm. Based on the foregoing, the trial court did not clearly abuse its discretion in entering the injunction at issue. Accordingly, appellant's first issue is overruled.

In its second issue, Houston Pipe Line contends that the trial court erred in declining to rule on its motion to compel arbitration until after discovery and declining to stay the trial court proceedings. This issue is not subject to interlocutory appeal; however, it may be

addressed, as it is herein, through the petition for writ of mandamus. Accordingly, this issue is overruled with regard to the appeal;we will address this issue in conjunction with the original proceeding.

Having overruled each of appellant's issues in the interlocutory appeal, we affirm the order of the trial court granting injunctive relief.

## IV. Petition for Writ of Mandamus

In its petition for writ of mandamus, Houston Pipe Line raises two issues. It contends that the trial court erred by (1) refusing to rule on and failing to summarily grant its motion to compel arbitration and its request to stay trial court proceedings, and (2) granting O'Connor's motion to compel discovery. Houston Pipe Line asks that we direct the trial court to vacate its orders declining to rule on their motion to compel arbitration, refusing to grant a stay, and compelling production of documents. Houston Pipe Line further requests that this Court enter an order compelling arbitration, or alternatively, staying discovery and compelling the trial court to summarily rule on the motion to compel arbitration.

The Texas Supreme Court has delineated the procedure to be followed when a motion to compel arbitration has been filed:

> The trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

*Jack B. Anglin Co.*, 842 S.W.2d at 268-69; *see In re Bunzl USA, Inc.*, 155 S.W.3d 202, 208 (Tex. App.–El Paso 2004, orig. proceeding). The procedure that courts should follow when faced with a motion to compel arbitration is "essentially a motion for summary judgment, subject to the same evidentiary standards." *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex.

11

App.–Houston [14th Dist.] 2000, orig. proceeding). With regard to discovery, the trial court has no discretion to defer ruling on arbitration until after the completion of discovery. *In re Great W. Drilling, Ltd.*, 211 S.W.3d 828, 835 (Tex. App.–Eastland 2006, orig. proceeding) ("Delaying a decision on a motion to compel arbitration until after discovery is completed, we found, defeated the goal of resolving arbitration issues promptly."); *In re Champion Techs.,* Inc., 173 S.W.3d 595, 598-99 (Tex. App.–Eastland 2005, orig. proceeding); *In re MHI P'shp.*, 7 S.W.3d at 923.[4] Moreover, once the parties have shown a valid agreement to arbitrate and the arbitration has been instituted, further discovery is governed by the arbiters. *See, e.g., Universal Computer Sys. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 750 (Tex. App.–Houston [1st Dist.] 2005, pet. denied).[5] Furthermore, in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. *See id.*

The trial court cannot delay ruling on a motion to compel arbitration until discovery has been completed because this would defy the purpose of arbitration and the application of a summary procedure. *See e.g., In re Great W. Drilling, Ltd.*, 211 S.W.3d at 835. However, there is no rule mandating a strict deadline for the court to rule on a motion to compel arbitration. Moreover, as discussed previously, it is clear that the trial court can allow discovery in some circumstances pending its ruling on a motion to compel arbitration. The Texas Supreme Court in *Anglin* specifically stated that the trial court may "summarily

---

[4] This Court's decision in *CP & Assoc. v. Pickett*, 697 S.W.2d 828, 831 (Tex. App.–Corpus Christi 1985, no writ), which upheld the trial court's decision to stay arbitration proceedings until the completion of discovery, predated the supreme court's decision in *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271-72 (Tex. 1992) (orig. proceeding), and accordingly, does not control our analysis in the instant case.

[5] Appendix 1 to the Gas Purchase Agreement provides that "In determining the extent of discovery, the number and length of depositors, and all other pre-hearing matters, the arbitrators shall endeavor to the extent possible to streamline the proceedings and minimize the time and cost of the proceedings. The final hearing shall be conducted within 60 days of the selection of the third arbitrator." Elsewhere, the Agreement provides that "all arbitrators shall agree in writing to follow the timetable set forth in this Agreement."

decide whether to compel arbitration on the basis of affidavits, pleadings, *discovery*, and stipulations." *See Anglin*, 842 S.W.2d at 269 (emphasis added). Moreover, an evidentiary hearing is required if there are disputed material facts. *See id.* Furthermore, the Texas Act allows the court to issue, "in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin," or to grant "other relief . . . in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the Arbitration." TEX. CIV. PRAC. & REM. CODE ANN. § 171.086(4), (6); *see Universal Computer Sys.*, 183 S.W.3d at 750 (contrasting trial court's authority to resolve an existing discovery dispute with authority to facilitate an arbitration).

Under the present circumstances, the trial court did not abuse its discretion in allowing the instant discovery before ruling on Houston Pipe Line's motion to compel arbitration and request to stay trial court proceedings. The trial court is not deferring its ruling until the completion of discovery, but rather, in its discretion, is allowing circumscribed discovery needed to determine the merits of the motion to compel arbitration and if necessary, to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration.

We note that, in considering the issues herein, we do not reach the merits of the motion to compel arbitration or the arbitrability of the instant dispute. The trial court has not ruled on the merits of this matter and has expressly deferred its ruling pending the continuation of the hearing. Therefore, the merits of the arbitration motion and any contest to it are not ripe for our consideration. *In re The Shredder Co.,* 225 S.W.3d 676, 680 f.5 (Tex. App.–El Paso 2006, orig. proceeding); *In re MHI P'ship, Ltd.*, 7 S.W.3d at 921 f.6; *Hou-Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 205 (Tex. App.–Houston [1st Dist.] 1997, orig.

13

proceeding); *see In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). Whether the motion to compel arbitration should be granted or denied is a matter that remains within the trial court's discretion.[6] We note that mandamus may issue if a court does not issue a ruling on a motion to compel arbitration within a reasonable period of time. *See In re The Shredder Co.,* 225 S.W.3d at 680; *see also In re Landmark Org., L.P.,* No. 13-04-00527-CV, 2004 Tex. App. LEXIS 9754, at *3-4 (Tex. App.–Corpus Christi Nov. 1, 2004, orig. proceeding) (per curiam) (mem. op). However, such is not the case presently before this Court.

## V. Conclusion

We affirm the trial court's order. We deny the petition for writ of mandamus.

_____
ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed
this the 26th day of August, 2008.

---

[6] O'Connor has filed a motion in these consolidated matters asking this Court to take judicial notice of the Federal Energy Regulatory Commission's order to show cause and notice of proposed penalties against Energy Transfer Partners, L.P. on grounds that the factual background shown therein "establishes that some or all of O'Connor's claims against Relators . . . are outside of the scope of the arbitration agreement at issue here." Because we do not reach the merits herein, we dismiss this motion as moot.