NO. 07-02-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 2, 2003

_____

TONY ROMO, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436,154; HON. MACKEY K. HANCOCK, PRESIDING

_____

Before QUINN and JOHNSON, JJ. and BOYD, SJ.[1]

Tony Romo, Jr. (appellant) appeals his conviction for burglary of a habitation with intent to commit robbery. Via two issues, he contends that the trial court erred in failing to suppress his confession which allegedly was obtained in violation of his "right to counsel . . . at every significant stage of a criminal proceeding after counsel ha[d] been appointed." We affirm the judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

## *Background*

Several robberies had occurred in the Lubbock, Texas area.  The Lubbock City police had a general description of the robber, and believed him to be appellant.  Upon investigation, the police discovered that appellant had an outstanding warrant for his arrest arising from an application to revoke his probation.  Furthermore, an attorney had been appointed to represent him on that matter.

With the aforementioned warrant in hand, the police arrested appellant and took him to the station.  They gave him his Miranda warnings and began questioning him about the robberies, as opposed to matters encompassed by the pending motion to revoke probation.  During the interrogation, appellant voluntarily waived his right to have counsel present and then admitted to committing various burglaries.  The State subsequently indicted him for one of those burglaries, and thus began the present controversy.

Before trial, appellant moved to suppress his confession about the burglary for which he was indicted, contending that it was obtained in violation of his Sixth Amendment right to counsel.[2]  The court held a hearing on the motion and then denied it.  At that point, appellant pled guilty but opted to have the jury assess punishment.  The jury levied upon him a life sentence.  Appellant now appeals his conviction, alleging that the trial court erred in denying the motion to suppress his confession.

---

[2] The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.

**Authority**

The applicable standard of review is discussed in *Benitez v. State*, 5 S.W.3d 915, 918 (Tex. App.—Amarillo 1999, pet. ref'd). We cite the parties to it.

Next, the Sixth Amendment guarantees a criminal defendant the assistance of counsel at the initiation of an adversary proceeding and at any subsequent "critical stage" of the proceeding. *Estelle v. Smith*, 451 U.S. 454, 469-70, 101 S.Ct. 1866, 1876, 68 L.Ed.2d 359 (1981). However, the right is "offense specific." *Texas v. Cobb,* 532 U.S. 162, 167-68, 121 S. Ct. 1335, 1340, 149 L.Ed.2d 321, 328 (2001), *citing McNeil v. Wisconsin*, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); *see Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). That is, the amendment prohibits law enforcement personnel from further interrogating one after he has invoked his right to an attorney, unless the individual re-initiates the process. *Cobb v. State*, 85 S.W.3d 258, 263-64 (Tex. Crim. App. 2002). Yet, this prohibition extends only to questioning about the same offense. *Id.* It does not prevent officers from asking about an offense different from that to which he invoked his right to counsel. *Id.* In other words, the invocation of the right *viz* one charge or prosecution does not encompass all future, yet distinct, offenses and prosecutions therefor. *Texas v. Cobb,* 532 U.S. at 168, 121 S.Ct. at 1340, 115 L.Ed.2d at 328.

Thus, the critical inquiry is whether the offenses at issue were the same. *Cobb v. State*, 85 S.W.3d at 264. And, whether they were is determined by applying the test enunciated in *Blockburger v. United States*, 284 U.S. 304, 52 S.Ct. 182, 76 L.Ed. 309; *Cobb v. State*, 85 S.W.3d at 264. Simply put, the offenses are the same if they are

3

established by the same facts; if one requires proof of a fact that the other does not, then they are not the same. *Id.* at 264, *citing Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

### *Analysis*

Appellant admits that he was Mirandized and that he waived his rights guaranteed him under the Fifth Amendment of the United States Constitution.[3] However, he contends that his Sixth Amendment right to counsel was violated because counsel had been appointed to represent him in the pending revocation proceeding numbered 93-416191. And, because he had counsel *viz* the revocation matter, that counsel should have been present during his interrogation about the burglaries. This is especially so, according to appellant, since the motion to revoke was later amended to include the offenses to which he confessed. We disagree.

It is undisputed that at the time of his arrest and interrogation, the State had pending a motion to revoke appellant's probation. Similarly undisputed, however, is that the grounds upon which the motion was based did not include the burglaries about which he was being interrogated and to which he subsequently confessed and pled guilty. In short, the misconduct purportedly authorizing the revocation was quite distinct from the burglaries about which the police were interrogating him. Thus, the facts needed by the State to succeed upon the pending motion to revoke differed from those needed to prove the burglary. And, because they differed, the offenses were not the same under

---

[3]The Fifth Amendment is a guarantee that "[n]o person . . . shall be compelled to be a witness against himself." U.S. Const. amend. V.

4

*Blockburger* or *Cobb*. And, because they were not the same, the officers did not violate his Sixth Amendment right by questioning him about the burglaries without counsel (who was appointed solely for purposes of the revocation) being present.

Finally, that the motion to revoke was later amended to include the burglaries to which appellant confessed is of no consequence. This is so because at the time of the interrogation, the pending motion did not encompass the subject matter of the interrogation. Indeed, the Court of Criminal Appeals held as much in *Cobb*. There, Cobb had been charged with and admitted to burglarizing a home. Furthermore, counsel was obtained to represent him *viz* that charge. However, he admitted to murdering those within the house during police interrogation conducted several years later. Thereafter, the State added a count sounding in capital murder to the pending burglary prosecution. This, according to Cobb, evinced that the offenses were the same for purposes of *Blockburger*. The court disagreed, suggesting that appellant was confusing the concept of a lesser-included offense with the concept of the same offense. *Cobb v. State*, 85 S.W.3d at 265 n.18. More importantly, in rejecting the contention, the court implicitly recognized that simply joining two distinct offenses for trial in one proceeding did not make them the same offense. They remained different. The focus is on whether the offenses are the same, not on whether they can be disposed of in the same proceeding. So, because the grounds asserted via the motion to revoke at bar differed from the burglary to which appellant confessed and pled guilty, the State's decision to *later* include the burglary in its motion to revoke did not somehow result in a violation of appellant's Sixth Amendment right to counsel.

5

Therefore, we affirm the judgment of the trial court.

Brian Quinn
Justice

Publish.