NO. 07-12-0057-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 22, 2012

_____

SILVERIO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2677-B; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to an open plea of guilty, Appellant, Silverio Hernandez, Jr., was convicted of burglary.[1] Punishment was assessed by a jury at fifteen years confinement and a $10,000 fine. By two issues, Appellant maintains (1) the trial court abused its discretion and deprived him of due process of law in failing to admonish him of the consequences of a plea of guilty as it pertains to citizenship and deportation as set out

_____
[1]Tex. Penal Code Ann. § 30.02(a) (West 2011).

in article 26.13(a)(4) of the Texas Code of Criminal Procedure and (2) the trial court abused its discretion and deprived him of his Sixth Amendment right to counsel when it failed to sustain a defense objection to the introduction of a custodial statement made by him to law enforcement. We affirm.

## Background Facts

On November 11, 2010, while responding to a call of a suspicious vehicle, a lieutenant and detective with the Muleshoe Police Department observed an individual leaving a residence carrying an "armful of stuff." Upon noticing the marked patrol vehicle, that individual, Appellant's brother,[2] dropped the items and jumped into an SUV being driven by Appellant. They were also accompanied by two juveniles. Appellant pulled away from the residence and, according to the lieutenant, headed in the direction of his patrol vehicle. The SUV collided with the patrol vehicle, lost a front wheel and continued down the street.[3] Notwithstanding the damage to the patrol vehicle, the lieutenant was able to give chase for about one-half mile. Appellant, his brother and the two juveniles abandoned the damaged SUV in a vacant field and fled on foot. The lieutenant apprehended Appellant and the detective apprehended the two juveniles. Appellant's brother was not captured but did turn himself in the next day.

The SUV was abandoned with all four doors remaining open and the back window shattered from the collision. The lieutenant and detective observed various

---

[2]Appellant's brother, Edgar Hernandez, was also convicted of burglary. His appeal, bearing cause number 07-11-0056-CR, was disposed of this same date.

[3]The lieutenant testified that approximately $10,000 damage was done to his patrol vehicle and he sustained injuries to his knee and arm.

items in the SUV, including electronics, video games, CDs, DVDs, firearms, jewelry and a purse, all determined to be stolen property from victims of several burglaries.

After a jury was selected, Appellant entered a plea of guilty and elected to have the jury hear punishment evidence. In addition to testimony about the burglaries, evidence was presented that Appellant, while in the Bailey County Jail, violated certain rules prohibiting inmates from engaging in certain conduct, including possession of contraband. After presentation of the evidence, the State argued that a fifteen-year sentence was reasonable punishment and urged the jury not to recommend community supervision. The defense pleaded for community supervision given that Appellant was young, has a very young daughter and cooperated with law enforcement. After deliberating, the jury assessed punishment at fifteen years confinement and a $10,000 fine.

## Analysis

### I. Failure to Admonish on Deportation

By his first issue, Appellant maintains he was denied due process of law by the trial court's failure to admonish him of the consequences of his plea of guilty as it pertains to citizenship and deportation. The State concedes that Appellant was not properly admonished and that the record does not affirmatively reflect he is a United States citizen. However, the State argues the error is harmless because the trial court was aware that Appellant was a United States citizen.

3

Article 26.13(4) of the Code of Criminal Procedure mandates that the trial court, before accepting a plea of guilty or nolo contendere, admonish a defendant that if he is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation . . . .   Tex. Code Crim. Proc. Ann. art. 26.13(4) (West Supp. 2012).   A reviewing court looks for substantial compliance with the statutory admonishments of article 26.13(a).   *Aguirre-Mata v. State*, 125 S.W.3d 473, 480 (Tex.Crim.App. 2003).   However, it is a legal fiction to claim substantial compliance if the admonishment is never given.   *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex.Crim.App. 2007) (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997)).

The statutory admonishments in article 26.13(a) are not constitutionally required. *Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Crim.App. 1998).   Thus, a trial court's error in failing to properly admonish a defendant is non-constitutional error reviewed for harm under Rule 42.2(b) of the Texas Rules of Appellate Procedure.   *Van Nortrick*, 227 S.W.3d at 708.   Non-constitutional error is harmless unless the error affected the defendant's substantial rights.   *Id.* at 708-09.   To determine if substantial rights were violated, we independently examine the record as a whole.   *Id.* at 709.

Neither oral nor written admonishments were given to Appellant regarding the possibility of deportation in the event of a guilty plea.   Additionally, the record before us in this appeal is silent on his citizenship.   However, during the punishment phase of Appellant's trial in *Hernandez v. State*, No. 07-11-00435-CR, 2012 Tex. App. LEXIS 5272 (Tex.App.--Amarillo June 29, 2012, no pet. h.) (affirming Appellant's conviction in a

4

different burglary case), Appellant's mother gave sworn testimony that both her sons were United States citizens. When there is proof that a defendant is a United States citizen, the trial court's failure to admonish him on the possibility of deportation is harmless error because the threat of deportation could not have influenced the defendant's decision to plead guilty. *VanNortrick*, 227 S.W.3d at 709. Notwithstanding that this record does not address Appellant's citizenship, we take judicial notice of the record in Appellant's prior appeal to establish that he is a United States citizen. *See Joe Williamson Constr. Co. v. Raymondville Indep. Scho. Dist.*, 251 S.W.3d 800, 802 n.2 (Tex.App.--Corpus Christi 2008, no pet.) (noting that court of appeals may take judicial notice of files from related proceedings). Resultantly, this Court has a fair assurance that his substantial rights were not affected by the trial court's error in failing to admonish him in accordance with article 26.13(a)(4) of the Texas Code of Criminal Procedure. Issue one is overruled.

## II. Sixth Amendment Right to Counsel

By his second issue, Appellant maintains the trial court abused its discretion and deprived him of his Sixth Amendment right to counsel when it failed to sustain a defense objection to the introduction of a custodial statement made by him to law enforcement. We disagree.

Appellant was incarcerated in a ten-man cell in the Bailey County Jail. In August 2011, the Sheriff ordered a "shakedown" to search for contraband. Contraband was discovered and numerous inmates, including Appellant, were interviewed during the

5

investigation. Prior to being interviewed, Appellant was administered *Miranda* warnings and he voluntarily signed a waiver of his rights. The Sheriff testified that Appellant did not request counsel before being interviewed.

During the Sheriff's testimony, defense counsel lodged an objection to his testimony regarding Appellant's interview about the shakedown. Defense counsel argued that the Sheriff knew Appellant was represented by counsel and should not have questioned him. The State responded that Appellant was not interviewed about the burglaries that led to his incarceration but rather, he was questioned about a completely separate case arising from a separate set of facts. The trial court overruled defense counsel's objection.

We review a trial court's evidentiary ruling for abuse of discretion. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A trial court does not abuse its discretion if its ruling is within a zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the assistance of counsel at the initiation of an adversary proceeding and at any subsequent "critical stage" of the proceeding. *Estelle v. Smith*, 451 U.S. 454, 469-70, 101 S.Ct. 1866, 69 L.Ed.2d 359 (1981). The right, however, is offense specific. *Texas v. Cobb*, 532 U.S. 162, 167-68, 121 S.Ct. 1335, 149 L.Ed. 2d 321 (2001); *Romo v. State*, 132 S.W.3d 2, 3-4 (Tex.App.--Amarillo 2003, no pet.) (holding that invocation of Sixth Amendment right concerning one charge does not mean that it has attached

6

with regard to another offense).  In determining whether the Sixth Amendment right is offense specific, we apply the *Blockburger* test and ask whether each offense requires proof of a fact that the other does not.  *See Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In the underlying case, Appellant was in jail for burglaries he allegedly committed.  He was represented by counsel on those charges.  The objection complained of on appeal relates to testimony regarding Appellant's interview by law enforcement regarding contraband found in jail to which he voluntarily waived his constitutional rights.  The burglary cases and the contraband case do not arise from the same factual basis.  They occurred on different dates and are unrelated offenses.  Consequently, the trial court did not abuse its discretion in overruling defense counsel's objection to admission of evidence of extraneous conduct by Appellant.  Issue two is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.